# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 19-2093-JGB (SP) | Date | November 6, 2019 |
|---|---|---|---|
| Title | MARIO ALBERTO RODRIGUEZ v. W. MONTGOMERY, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:  Attorneys Present for Respondent:
n/a  n/a

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Unexhausted**

On November 1, 2019, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Petitioner raises three grounds for relief. In the petition, petitioner states that he did not raise any of the grounds on direct appeal in the California state courts, nor has he filed a state habeas petition raising any of the grounds.

As such, petitioner appears to concede that the claims in the petition are wholly unexhausted. If so, the petition is subject to dismissal. Accordingly, the court issues this Order to Show Cause by **November 27, 2019** why the petition should not be dismissed as unexhausted.

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 19-2093-JGB (SP) | Date | November 6, 2019 |
|---|---|---|---|
| Title | MARIO ALBERTO RODRIGUEZ v. W. MONTGOMERY, Warden | | |

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner appears to concede that he has not exhausted state court remedies on any of the grounds in the instant petition. Therefore, it appears from the record now before the court that the present petition is subject to dismissal as wholly unexhausted. But the court will not rule on this matter without first giving the petitioner an opportunity to respond.

## Petitioner's Options

### Option 1:

If petitioner contends that he has in fact exhausted his state court remedies on one or more of the grounds in the petition, he should clearly explain this in a response to this Order, which must be served and filed on or before **November 27, 2019**. Petitioner should attach to his response copies of any documents establishing that the grounds are indeed exhausted. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be unexhausted, he alternatively selects one of the other options discussed below.)

### Option 2:

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

### Option 3:

Pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), petitioner may ask the court to stay all of the claims in the petition while

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 19-2093-JGB (SP) | Date | November 6, 2019 |
|---|---|---|---|
| Title | MARIO ALBERTO RODRIGUEZ v. W. MONTGOMERY, Warden | | |

petitioner returns to the state courts to exhaust his already pled but unexhausted claims. *See Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) ("the *Rhines* stay-and abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims"). To obtain a stay of this case pursuant to *Rhines*, petitioner is required to: (a) show good cause for his failure to exhaust the grounds in state court earlier; and (b) show that the grounds are not "plainly meritless." *See Rhines*, 544 U.S. at 277. (Petitioner also may request a *Rhines* stay, and include a notice that, if the court denies the *Rhines* stay, he alternatively selects one of the other options.)

## Caution

Petitioner is cautioned that if he requests a stay and the court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on all grounds and the court disagrees, the court may recommend that his petition be dismissed. Accordingly, as noted above, petitioner may select options in the alternative.

In sum, in order to select Option 1, petitioner must file a response to this Order showing the grounds are exhausted. In order to select Option 2, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 3, petitioner must file a written response requesting a stay pursuant to *Rhines*. With Options 1 or 3, petitioner may select an alternative option in the event the court finds certain claims unexhausted and/or denies the request for a stay. Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected ***no later than November 27, 2019***.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice as unexhausted, for failure to prosecute, and/or for failure to obey court orders.**